All the Justices concurring.

St. Louis, Lawrence & Denver Railroad Co. v.
A. M. Wilder.

1. Practice in Supreme Court; *Questions, to be Considered, should be First Raised in Trial Court.* In a condemnation proceeding by a railroad company to procure a right-of-way, the owner of the land took an appeal from the assessment of the commissioners to the district court by executing within proper time, and with one good surety, an undertaking, which undertaking was approved by the county clerk within proper time, but was not marked filed within proper time. The case was afterward tried in the district court, the railroad company appearing and contesting the appeal on certain grounds, and contesting the damages, but not raising the question that the appeal bond had not been filed in proper time; and no such question is raised in the supreme court by the petition in error, but is raised for the first time by the brief of counsel in the supreme court. *Held,* That the supreme court will not consider the question.

2. Undertaking on Appeal; *Sureties; Error without Prejudice.* Where a motion is made by the appellee in the district court to dismiss an appeal because the surety did not justify, but no question is raised as to the sufficiency of the surety, and the district court overrules the motion, and afterward on a proper trial renders judgment against the

appellee for over $2,000 and costs, *held*, that no error was committed in overruling the motion; that a failure of the officer in such a case to require the surety to justify does not of itself and alone invalidate the undertaking, or the appeal.

3. APPEAL; *When Complete; Neglect of Officer.* Where an appeal is taken to the district court, a failure on the part of the officer to deliver or transmit to the clerk of the district court a certified copy of the proceedings within twenty days after the final determination of such proceedings, does not invalidate the appeal. It is the fault of the officer, and not the fault of the appellant. The appeal should not be dismissed if such copy be afterward transmitted to the clerk.

4. ———— And if the officer, in such a case, fail entirely to transmit a copy of some unimportant paper, such failure will not invalidate the appeal.

5. PLEADINGS IN APPEAL CASES; *Irrelevant Matter.* Where new pleadings are filed on an appeal in the district court, and some irrelevant matters are inserted in such pleadings, such irrelevant matters will not be construed by the supreme court to vitiate the appeal, where it can be seen from the record that the whole proceedings in the district court were intended to be prosecuted under the appeal.

6. LAND-OWNER; *Who Entitled to Damages for Land Taken for Railroad Purposes.* Where a railroad by condemnation proceedings procures a strip of land for railroad purposes, and the person who is in possession of the land and who claims to be the owner thereof has no deed therefor, but only a title bond from the person who holds the legal title to the land, and the person in possession owes the person who holds the legal title $2,000 for the land, and is not to receive a deed for the land until said $2,000 is paid, and is then to receive the deed, said person in possession must be regarded as the real owner of the land, and is entitled to the full damages to the same caused by the railroad company.

7. CONDEMNATION PROCEEDINGS; *Nature of Judgment for Damages.* On an appeal in the district court, in condemnation proceedings, it is error for the court to render an ordinary personal judgment against the railroad company for the damages assessed to be collected by execution. The judgment for damages in such a case should be in the nature of an award of damages, such as is made by the condemnation commissioners.

## *Error from Douglas District Court.*

THE proceedings in the district court were had upon an appeal taken by the *Railroad Company* from an award for damages made to *Wilder* by commissioners appointed in April 1872 to lay off a route for said company's railroad,

etc., and to ascertain the proper description and quantity of land necessary for such purpose out of each tract or parcel of land, etc., and to appraise the value of any such tract, and to assess the damages thereto, etc. *Wilder* was dissatisfied with the appraisement and assessment made by said commissioners, and appealed to the district court, where a trial was had at the June Term 1874. Judgment in favor of *Wilder* for $2,234.75, and costs, and the *Railroad Company* brings the case here for review. All necessary facts and proceedings are stated in the opinion.

*J. P. Usher,* and *C. E. Bretherton,* for plaintiff in error.

*Geo. J. Barker,* and *Thacher & Stephens,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was a proceeding for the condemnation of a certain strip of land for railroad purposes. It seems that formerly A. G. DaLee owned the N.E. ¼ of the S.W. ¼ of section 1, township 13, range 19, in Douglas county. The tract contained forty acres. DaLee sold said land to A. M. Wilder for $2,400, receiving $400 down, and was to receive $2,000 more on long time. No deed has yet been executed for the land, but DaLee gave to Wilder a title bond for a deed. Said $2,000 has not yet been paid, nor any part thereof, nor is it yet due. The land is fenced, but has no residence upon it, and it is not used for any purpose. After the sale from DaLee to Wilder, the St. Louis, Lawrence & Denver Railroad Company procured by condemnation proceedings a strip of said land for railroad purposes. Said strip contains three-fourths of an acre of said land, and so divides the forty acres as to leave 3.56 acres on one side, and 35.69 acres on the other side. The commissioners who assessed the damages in the condemnation proceedings assessed the total damages to the owner or owners of this forty-acre tract of land at $246.25. Wilder then appealed, or attempted to appeal, to the district court. We shall say more concerning this appeal hereafter.

The case was tried in the district court by the court, (a jury having been waived,) and the court gave to Wilder $2,500 as damages. The court then deducted the $246.25 allowed by the commissioners and then rendered a formal judgment in favor of Wilder and against the railroad company for $2,234.75, and that execution might issue therefor. (It will be noticed that $19 of the said $2,500 is not accounted for in this judgment.) The railroad company then brought the case to this court by petition in error. The railroad company as plaintiff in error now says in its brief:

"The errors relied on as grounds of reversal are these: 1st, Overruling the motion to dismiss the appeal. 2d, Overruling the demurrer to plaintiff's evidence. 3d, Rendition of the judgment. The first two having been also submitted, and disregarded, on motion for a new trial. Our points are— 1st, That the appeal was not taken in time. 2d, That it was defective for want of a copy of the plat showing the land taken. 3d, That it was also defective for want of justification of the surety to the appeal bond. 4th, That the petition and answer formed a new action of trespass, and were not proceedings under the appeal. 5th, That in any case the damages were excessive, both because founded on a speculative basis of value, and also because they gave Wilder the value of the unincumbered fee of the land, which it is admitted he did not possess. 6th, That the judgment is erroneous, being inapplicable to an appeal, and giving no appellate redress of any sort."

I. In answer to the first point, Wilder, the defendant in error, says in his brief: "The first point made by plaintiff in error is, that the appeal was not taken in time. This objection is now heard here for the first time. In the court below the party moved to dismiss the appeal, but did not mention this ground. He did not raise the objection during the trial; did not mention it in his motion for a new trial; and has not alleged it in his petition in error, but keeps it back, and first starts it in his brief." In reply to this, plaintiff in error says: "This objection, so far from being made for the first time, is properly preserved on the motion to dismiss." There seem to be four questions concerning the appeal which the

plaintiff in error now desires to raise: First, That the appeal
bond was not filed with the county clerk in time; second,
that the sureties on the appeal bond did not justify; third,
"that the certified copy of the proceedings of the commis-
sioners was not delivered or transmitted to the clerk of the
district court within twenty days from the rendition of the
report;" and fourth, that a certified transcript of the plat,
showing the land taken by the railroad company, was not
filed in the office of the clerk of the district court at all.
Now, the second, the third, and the fourth of these questions
were raised in the court below, but the first was not. Nor
has the first been raised in this court in any manner except
by the brief of counsel. It would therefore hardly be proper
for us to consider it. The appeal was probably taken in
time. But for some unexplained reason the county clerk did
not mark the appeal bond filed in time. This is the only
objection that can be made as to the time of taking the appeal.
It seems that the county clerk had the bond in time, and
approved the surety thereon in time; but why he did not
mark the bond filed in time, is not shown. Probably if the
plaintiff in error had raised this question in the court below,
the whole thing would have been explained. But instead of
raising this question in the court below, the railroad company
raised other questions with reference to the appeal, and when
those other questions were decided against it, it then pro-
ceeded with the trial of the cause as though the appeal had
been taken in proper time, and as though the appeal was
sufficient in every other respect. If the appeal bond was
actually filed in proper time, the mistake of the clerk in
marking it filed at a subsequent period would not vitiate the
appeal. And as the clerk had the bond and approved the
surety thereon in proper time, it was probably a mistake of
the clerk in marking it filed at a subsequent period. When
the appeal bond was filed, then the appeal was complete.
(Laws of 1870, page 184, § 7.) It was not necessary that
anything should be first filed in the district court.

II. It is claimed that the surety on the appeal bond did

not justify. (This is designated as the third point in the brief of plaintiff in error.) It is possibly true that the sureties did not justify in this case, and yet we hardly think that this alone is sufficient ground for a dismissal of the appeal. There is no pretense that the surety was not amply sufficient; no objection was made on this ground; and from the subsequent proceedings it would seem that there was not the slightest danger of the plaintiff in error losing anything on account of any insufficiency in the surety. The plaintiff in error refers us to § 723 of the code of civil procedure, (Gen. Stat. 771,) and to the case of *Kelsey v. Campbell*, 38 Barbour, 238. Now if said § 723 is applicable at all in cases of this kind, we would still think that it is merely directory to the officer taking the security, and that a failure on the part of the officer to require the surety to justify would not invalidate the undertaking. Said case of *Kelsey v. Campbell* has no application to this case; for the New York code differs essentially from ours in this particular. Section 341 of the New York code provides that "An undertaking upon an appeal shall be of no effect unless it be accompanied by the affidavit of the sureties that they are each worth double the amount specified therein;" and if objection then be made to the sufficiency of the sureties, then, "unless they or other sureties justify," etc., "the appeal shall be regarded as if no undertaking had been given."

III. It is also claimed, "that the certified copy of the proceedings of the commissioners was not delivered or transmitted to the clerk of the district court within twenty days from the rendition of the report." Now if this is true it was the fault of the county clerk, and not the fault of the defendant in error. The appeal was perfected when the undertaking was given; (Laws of 1870, p. 184, § 7.) And it was then the duty of the county clerk, and not the duty of the defendant in error, to transmit a copy of the proceedings to the clerk of the district court; (Laws of 1870, p. 184, § 7, and pp. 155, 156, §§ 1 and 2;) and such laches on the part of the county clerk is no ground for a dismissal of the appeal.

IV. It is also claimed that no copy of the plat showing the land taken was ever filed in the district court. (This is the second point made in the brief of plaintiff in error.) Now if this is true, it was the fault of the county clerk and not the fault of the defendant in error. The appeal was good without said plat. But if either party had desired to use it as evidence, such party could have procured an order of the district court on the county clerk to send it up to the district court, provided there was any such plat forming a part of the commissioners' proceedings. Neither party seems to have desired to use it as evidence, for they had ample evidence of the exact location of the railroad without it.

V. In thus disposing of the objections to the appeal, we have disposed of the first, second and third points made in the brief of plaintiff in error. The fourth point made in the brief, is, "that the petition and answer formed a new action of trespass, and were not proceedings under the appeal." It is true that there is much irrelevant matter contained in both the petition and the answer; but still we do not perceive from them that either party intended to wholly abandon the appeal, and to litigate an entirely new action of trespass. Neither do the subsequent proceedings show any such thing. On the contrary, we think the action was prosecuted throughout and decided as a condemnation proceeding, and as an appeal from the appraisement commissioners, except said irrelevant matter contained in the pleadings, and an irregularity in the judgment which will be hereafter mentioned.

VI. The fifth point in plaintiff's brief is, "that in any case the damages were excessive, both because founded on a speculative basis of value, and also because they gave Wilder the value of the unincumbered fee of the land, which it is admitted he did not possess." *First:* Did the court below give to Wilder speculative damages, such as are not authorized by law? Possibly the court did; but we do not think that the record of the case sufficiently shows it. The overruling of the demurrer of the railroad company to the evidence introduced by Wilder, does not show it; for that

demurrer ought to have been, overruled, even if the court below intended to give Wilder only bare compensation for the three-quarters of an acre of land actually taken by the railroad company. The introduction of the evidence does not show it, for the court made no ruling with respect to the introduction of any of the evidence. All of the evidence was introduced without objection or exception. Neither do the findings or judgment of the court below show it. The findings were general. No special findings were asked for; and no exception was taken to those found, or to the judgment rendered thereon. Three days after the judgment was rendered, however, the railroad company made a motion for a new trial, which motion was overruled, and to this ruling the railroad company excepted. But this ruling does not show upon what basis the court below made its findings as to damages. The damages properly allowable were for the actual value of the land taken by the railroad company, and for the consequential diminution in value of the rest of the land. And there is nothing in the record of the case that clearly and affirmatively shows that any other damages were in fact allowed. The damages proved by the various witnesses ranged all the way from the amount fixed by the commissioners up to more than the amount allowed by the court. Some of this evidence may have been speculative; but still there is enough not shown to have been speculative or incompetent to sustain the findings of the court below. *Second:* We think Wilder is entitled to the same damages as though he owned the unincumbered fee of the land. (*Kuhn v. Freeman,* 15 Kas. 423, 426, et seq.) DaLee is not entitled to any portion of such damages. DaLee is entitled to the $2,000 which Wilder owes him, and to nothing more, except that he holds the legal title to the land (and possibly a lien on the damages awarded if he chooses to assert such lien,) as a security for his claim on Wilder. Whether Wilder is entitled to an ordinary personal judgment for the amount of the damages, will be considered hereafter.

VII. As to the sixth point in the brief: The judgment in

this case we think is erroneous so far as it attempts to authorize the recovery of $2,234.75 damages, by execution. The object of appellate proceedings in this class of cases is simply to correct the assessment of the commissioners. The judgment does not pass the title to the land, nor to the right-of-way. It simply determines the amount which the railway company shall pay to the owner or owners of the land, or to the county treasurer for their use, in order to secure the right-of-way. It is in the nature of an award of damages, such as is made by condemnation commissioners, except perhaps that as to costs it may be in the form of an ordinary personal judgment. Counsel for plaintiff in error seem to admit that an ordinary judgment for costs would be proper, and therefore we have made the above exception. They say: "The judgment in this cause should have been personal against the corporation for costs only." After the judgment is rendered in a case of this kind, then the railroad company may take the land, or not, at its option. (*Blackshire v. The A. T. & S. F. Rld. Co.*, 13 Kas. 515.) But until it pays for the land it gets no title. And if it does not pay for the land within the time prescribed by law, it may be ejected from the premises, provided of course that it has taken possession thereof. (*St. Jo. & D. C. Rld. Co. v. Callender*, 13 Kas. 496.) An owner of land would not want to take a judgment against an irresponsible and insolvent railroad company as payment for his land; nor would a railroad company want to pay an enormously excessive award of damages for its right-of-way. Therefore it is right that each should have some choice in the matter. Upon this question, see authorities above cited, and *Gear v. Sioux City Rld. Co.*, 20 Iowa, 523; *Stacey v. Vt. Cent. Rld. Co.*, 27 Vt. 39; *Evansville Rld. Co. v. Miller*, 30 Ind. 209.

The case will be remanded to the court below, with the order that the judgment be modified in accordance with the views expressed in this opinion.

All the Justices concurring.