THE LAWRENCE & TOPEKA RAILWAY CO. v. D. M. MOORE.

CONDEMNATION PROCEEDINGS; *Copies Wrongly Inserted in Transcript; Practice; No Error.* In a condemnation proceeding by a railway company to procure a right of way, the owner of the land took an appeal in due form from the assessment of the commissioners to the district court. While the appeal was pending in the court, a third party filed an independent petition for damages for the same land, and the railway company filed its answer to the petition. Such pleadings were not filed under the direction or with the consent of the court, nor under the direction or with the consent of the appellant or his attorneys. Subsequently, the appeal was taken on a change of venue to another district. In the transcript of the appeal case filed in the adjoining district, the clerk inserted copies of said petition and answer. No motion was made to compel the appellant to file a petition or a bill of particulars, and his case was tried on the condemnation and appeal proceedings. The independent petition and answer inserted in the appeal files were entirely disregarded, and judgment was entered for the appellant. *Held,* Not error.

*Error from Leavenworth District Court.*

AT the September Term, 1878, of the district court, *Moore,* as plaintiff, recovered a judgment against the *L. & T. Rly. Co.* for $1,000. The nature of the action, and the facts, appear in the opinion. The *Railway Company* brings the case to this court.

*Ross Burns,* for plaintiff in error.

*B. J. Horton,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 23d day of February, 1872, the Lawrence & Topeka Railway Company instituted proceedings to condemn a right of way over land belonging to D. M. Moore, the defendant in error. On May 28th, 1872, the report of the commissioners was filed in the office of the county clerk of Douglas county, and thereby $125 was awarded for the land sought to be taken. On June 3d, 1872, Moore filed an appeal bond, and duly appealed from the award of the commissioners to the district court. In order that the railway company might take possession of and use the land pending the appeal, it filed a counter bond as provided for by the statute, on September 31, 1872. At the November term of court, and on December 7th, 1872, the parties appeared in court, and by stipulation, entered of record, agreed that Moore should receive from the treasurer of Douglas county the condemnation-money deposited for his benefit, without prejudice to the action then pending, but said amount was to be held as a payment on any judgment thereafter rendered in his favor. On May 28, 1877, the district court of Douglas county ordered the venue in the cause changed to Leavenworth county; on June 29, 1877, the clerk of the district court of Douglas county made out what purports to be a transcript of the case, and in this transcript included the copy of a petition filed in the district court of Douglas county on November 17, 1872, by one Mary A. E. Moore against the railway company, and an answer thereto filed by the company, April 24, 1877. The said petition alleged that Mary A. E. Moore was, on April 1, 1872, had previously been and has ever since continued to be, seized of the land sought to be taken by the company; that proceedings had been taken by the company to condemn the same, and she demanded judgment for damages in the sum of $5,500. The answer stated four sep arate defenses, as follows:

*First:* A general denial.

*Second:* Set up the proceedings to condemn; the award to

D. M. Moore, and the payment of this sum to the county treasurer; that the plaintiff received said sum so awarded and paid to the treasurer, and that by reason of such payment, she has no further right to prosecute this action.

*Third:* That the said D. M. Moore, who took the appeal, and the plaintiff sold and conveyed all their interest in the land to J. M. Ewing and Sarah W. Ewing on December 12, 1872, and that by reason of such sale and conveyance the plaintiff had no further right to prosecute this action; that the company transferred its franchises, rights, privileges and right of way to the Kansas Midland Railroad Company, prior to the 21st day of April, 1874; and that afterward, on the 21st day of April, 1874, the Kansas Midland Railroad Company and J. M. Ewing and Sarah W. Ewing (then owners of the land in question) entered into an agreement and arbitration, in and by which agreement the railroad company was to concede a portion of the land theretofore condemned, to the Ewings, and the compensation for the other portion so retained and appropriated was to be left to arbitrators therein named; that if these arbitrators could not agree, the amount should be left to an umpire; that the arbitrators could not agree; that an umpire was selected; that he made an award of $75 in addition to the condemnation-money already received; a tender, and a readiness to perform the award.

*Fourth:* Set up title in the city of Lawrence to the land sought to be taken.

On May 30, 1878, the transcript was filed in the clerk's office of the district court of Leavenworth county. At the September term of that court for 1878, and on September 16, the case of D. M. Moore, appellant, against the Lawrence & Topeka Railway Company, appellee, was called for trial; the appellant appeared by his attorney, Lucien Baker, and the appellee failed to appear; a jury trial was had, evidence heard and instructions given; the jury brought in a verdict for $1,000; the court rendered a personal judgment against the company for that sum and costs, and awarded execution therefor.

Error is alleged in the proceedings of the court below, in this:

" 1. That the petition on which the case was tried shows that Mary A. E. Moore, who always owned the land, never took an appeal, nor did any one who had any interest in the land ever take an appeal; that in consequence of this failure to take an appeal, neither she nor any one else had a right to have the award of the commissioners reviewed.

" 2. That under the pleadings, the court had no right to render any judgment whatever in favor of D. M. Moore; the issues upon which alone the case could have been tried, limited a recovery to Mary A. E. Moore, the owner of the land. By the pleadings, Mary A. E. Moore alleged herself to be the owner of the land, and so broad and sweeping were her allegations of ownership that they utterly excluded D. M. Moore from any interest whatever in the land. The court had no more jurisdiction to make a finding in favor of D. M. Moore than in favor of anyone else. While this case might have been tried without pleadings, pleadings were, however, filed in the cause by those having authority in the cause, and by consent of court; these pleadings presented distinct issues; these issues must have been submitted to the jury, and the verdict must be in accordance with these issues, or it cannot stand.

" 3. The court had no jurisdiction or power to render a personal judgment against the company, this case being an attempted appeal from the award of the commissioners."

The learned counsel presenting to us these alleged errors, misinterprets (unintentionally, we suppose) the record as to objections Nos. 1 and 2. The transcript shows, that prior to the change of venue to Leavenworth county, Messrs. Thacher & Banks were the attorneys for D. M. Moore. The petition of Mary A. E. Moore was signed by Messrs. Barker & Allen as her attorneys. The answer was filed with the consent of Barker & Allen. No pleadings in the case of D. M. Moore were ever filed. No motion was made to compel him to do so. It nowhere appears that D. M. Moore consented to the filing of the petition of Mary A. E. Moore, or the answer thereto. It nowhere appears that the court authorized Mary A. E. Moore to intervene in the case, or

file a petition, or to be substituted as the plaintiff, or to have the appeal prosecuted in the name of D. M. Moore for her benefit. Neither is the petition of Mary A. E. Moore nor the answer of the railway company entitled in the case of D. M. Moore. The petition and answer, it is true, are on a part of the transcript in this court, and are certified to us in the case of D. M. Moore v. The Railway Company; but the district court of Douglas county did not recognize the petition of Mary A. E. Moore as affecting the case of D. M. Moore. According to the transcript, the petition was filed November 17, 1872; yet, on December 7 ensuing, the attorneys of D. M. Moore appeared in court with the attorney of the railway company and disposed of the condemnation-money without notice or consent of Mary A. E. Moore, or her attorneys. The district court of Leavenworth county entirely disregarded such petition, as it disposed of the appeal of D. M. Moore without a petition or a bill of particulars, and without reference to Mary A. E. Moore. In view of the record, we may treat the pleadings in the case of Mary A. E. Moore against the railway company as not superseding or otherwise affecting the appeal of D. M. Moore, and the action of said appellant stands in this court, and stood in the district court of Leavenworth county, as though the petition and answer in the action of Mary A. E. Moore had never been filed. It would have been better, perhaps, if these pleadings had been stricken from the files of the case of D. M. Moore; but as they have never been permitted, by either of the district courts having jurisdiction of the matter, to interfere with the appeal of D. M. Moore, we cannot now permit these pleadings to prejudice his interests. Perhaps some order of the district courts or written agreement of the parties, or other stipulation, has been omitted from the transcript which, if presented, might materially change the character of this action and the rights of the parties connected with it, but we have no intimation of any such omissions from the counsel of the plaintiff in error, and no suggestion of any diminution of the record from

him; and, therefore, as we must pass upon the proceedings before us solely on the record, we are compelled to overrule objections one and two.

The third exception is well taken. It was error for the trial court to render an ordinary personal judgment against the railway company. The object of appellate proceedings in this class of cases, is simply to correct the assessment of the commissioners. (*St. L. L. & D. Rld. Co. v. Wilder*, 17 Kas. 239.)

Counsel for defendant in error suggests in his brief, that the judgment has been modified to comply with the law in that regard. The record before us does not disclose the correction, and no copy of the subsequent proceedings of the district court of Leavenworth county has been filed in this court showing any correction.

The case will be remanded to the court below, with the order that the judgment be modified in accordance with the views expressed herein. If appellant received $125 under the stipulation of December 7, 1872, such sum must be credited on the judgment after its modification. The costs in this court will be divided.

All the Justices concurring.