THE KANSAS CITY, EMPORIA & SOUTHERN RAILROAD COMPANY v. D. P. MERRILL.

RAILROAD RIGHT OF WAY; *Damages to Land-owner.* Plaintiff appealed from the decision and award of the commissioners as to the appraisement of value and assessment of damages for the right of way of the K. C. E. & S. Rld. Co.'s railroad through and across a certain quarter-section of land belonging to him. He was the owner of 960 acres lying in a body and used for the purposes of a stock ranch. The railroad ran nearly diagonally through one quarter-section, and cut off the water, timber, the house and corrals from the main body of land, but did not touch the other quarters of the ranch. A regularly laid out public highway separated the quarter through which the railroad ran from one whole section. *Held,* That the land-owner, on the appeal, was entitled to recover the damages for the injury to the whole property, and not merely for that to the separate quarter over which the railroad was built.

*Error from Greenwood District Court.*

AT the November Term, 1880, of the district court, *Merrill*, as plaintiff, had judgment against the defendant *Railroad Company*, which brings the case here. The nature of the action, and the facts, appear in the opinion.

*Ross Burns, A. A. Hurd*, and *W. C. Campbell*, for plaintiff in error.

*Ira P. Nye*, and *T. L. Davis*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff in error commenced proceedings to condemn the right of way through the land of the defendant in error, who was the owner of the northwest quarter of section seventeen, township twenty-three, range eleven, with the quarter-section lying immediately east thereof, and the whole section lying north, all in Greenwood county, and embracing 960 acres. All of this was used for the purposes of a stock ranch. The railroad ran nearly diagonally through the northwest quarter of section seventeen, but did not touch the adjoining lands. The water and timber of the ranch, as also the house and corrals, were cut off by the railroad from the main body of the land. A regularly laid out public highway separated the whole section from the land upon which the railroad was located. The amount assessed by the commissioners in favor of Merrill, on account of the taking and injury to the northwest quarter of section seventeen, was $209. Merrill took an appeal from the award, and subsequently filed his petition claiming damages to the whole land used by him for stock purposes. On the trial, the jury gave a verdict for $734, and judgment was entered accordingly.

Counsel for plaintiff in error claim that the legislature fixed limits to the powers delegated to the commissioners by confining their inquiries to the particular "quarter-section or

other lot of land" through which the proposed road was to be built, and by the use of the words, "other lot of land," intended a less subdivision or piece of land than a quarter-section, and such counsel therefore conclude that the evidence in this case was incompetent, the instructions erroneous, and the verdict unsupported, because the trial court held that Merrill was entitled to compensation for the injury to the whole ranch, and not merely for that to the separate quarter over which the railroad was built. The limitation of "lot of land" to a legal subdivision or fractional portion of a quarter-section, or a small subdivision of a platted town site, is not the true interpretation of the statute. Such limitation is too restricted. Such definition is too narrow. In the general acceptance of the words, a "lot of land," is the separate portion belong to one person: according to Webster, "that portion of ground which is allotted or assigned to any one; and hence, any distinct portion of land." The "lot of land" may be less or greater than a quarter-section; therefore, within the meaning of the statute, a farm of 800 acres in one body, owned by one person, or a ranch of 960 acres in a body, owned by one person, and used for stock purposes, is a "lot of land."

The location of the public highway over the body of land would not affect the right to recover damages for all the property, unless such highway would prevent the land lying on both sides from being one ranch for stock purposes. The evidence shows that the land was all used together. (*A. T. & S. F. Rld. Co.* v. *Blackshire*, 10 Kas. 477; *St. Paul & Sioux City Rld. Co.* v. *Murphy*, 19 Minn. 500; *Welch* v. *M. & St. Paul Rld. Co.*, 27 Wis. 108.) This conclusion disposes of the principal question.

One other matter remains. The court attempted to authorize the collection of the damages by execution against the railroad company. This cannot be done. The judgment, in such a case, should be in the nature of an award of damages, as is made by the condemnation commissioners. (*St. L. L. &*

*D. Rld. Co. v. Wilder,* 17 Kas. 239; *L. & T. Rly. Co. v. Moore,* 24 Kas. 323, 328.)

The case will be remanded to the court below, with the order that the judgment be modified in accordance with the views expressed herein. The costs in this court will be divided.

All the Justices concurring.