THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY
v. J. R. WILLITS.

1. RAILROAD —*Construction*—*Damages*—*Instruction, Not Erroneous.* A railroad company, in constructing its railroad upon its own land, went upon adjacent land and made excavations, to the injury of the owner, and he sued the company therefor, and upon the trial the court instructed the jury that the measure of the plaintiff's damages was the difference in the market value of the land immediately before the commission of the injuries and the market value of the land immediately afterward; *held*, not error.

2. —————— *Measure of Recovery.* In such case the owner's land consisted of a tract of six or seven acres, and the excavations covered only about one-fourth of an acre thereof; *held*, nevertheless, that the owner had the right to recover for the depreciation in the market value of the entire tract.

3. —————— *Market Value.* And in such case the market value to be considered is the market value of the land for any purpose for which it might be the most advantageously used, and for which it would sell in the market for the highest price.

4. —————— *Held*, No material error was committed in the admission of evidence.

5. PREMISES, *Examined by Jury*—*Correct Instruction.* The court instructed the jury as follows: "You have the right also to take into consideration in this case such knowledge and information as you may have acquired of the plaintiff's land as to the alleged injuries committed there, by the personal examination of the premises that you have been permitted to make under the directions of the court." *Held*, That no error was committed in giving this instruction.

*Error from Wilson District Court.*

THE opinion states the facts.   Judgment for plaintiff *Willits*, on November 4, 1887.   The defendant *Company* brings the case to this court.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*S. S. Kirkpatrick,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Wilson county by J. R. Willits against The Chicago, Kansas & Western Railroad Company to recover damages for alleged injuries to real estate. The case was tried before the court and a jury, and the jury returned a verdict in favor of the plaintiff and against the defendant for $400 damages, and judgment was rendered accordingly; and to reverse this judgment the defendant, as plaintiff in error, brought the case to this court.

It appears that the plaintiff below, defendant in error, owned about nine acres of land adjoining the city of Fredonia; that he sold and conveyed between two and three acres of the same to the defendant for a right-of-way and for station purposes; that the defendant, in constructing its railroad, entered upon the remainder of the plaintiff's land without his consent, and made excavations thereon from seven to ten feet deep, and carried away the earth, to the great injury of the land; and for these injuries the plaintiff brought and prosecuted this action. The first claim of error is, that the case was tried by the plaintiff and the court below upon an erroneous theory as to damages. This theory will be apparent from the following instruction given by the court to the jury, to wit:

"The first question for you to consider will be the measure of plaintiff's damages, and upon that point you are instructed that to ascertain the damages to which the plaintiff should be entitled, if any, you will ascertain, First, what was a fair, reasonable market value of the plaintiff's land before the commission of these alleged injuries, and what was the fair market value of the plaintiff's land after the commission of these alleged injuries, and the difference, if any, between these two sums, would be the measure of plaintiff's recovery."

It is claimed that this instruction is erroneous for the following reasons: First, because it permits the plaintiff to recover for all losses, past, present, and prospective, which he had suffered or might suffer by reason of the defendant's wrongs, and not merely for such actual loss only, as had oc-

curred prior to the trial. Second, because it permits the plaintiff to recover for the diminished value of the entire tract of land, which consists of six or seven acres, although, as the defendant claims, the excavation covered only about one-fourth of an acre of the tract.

Involved in the first proposition is the claim that the diminished value of the real estate injured is no criterion at all for the recovery of damages. We think it is, however. It must be remembered that this is not an action merely for injuries to the plaintiff's *possession*, as the old common-law action of trespass *quare clausum fregit* was, but it is an action for injuries to the *realty* itself, to the *inheritance*, and damages for such injuries may generally, if not always, be estimated by considering the diminished market value of the land. They may, however, be estimated in various ways, generally at the election of the owner of the land. In cases of trespass upon real estate where no appreciable injury occurs, only nominal damages can be recovered; but where the injury is appreciable and computable, and is done willfully and maliciously, punitive or exemplary damages may be allowed. But neither of these cases is the present case, and these rules do not apply. But in all cases of injuries to real estate, including the present case, full compensatory damages may be recovered. In other words, the owner of land, for injuries to it by the wrongful acts of another, may recover exact compensation for his entire loss. In giving compensatory damages, various rules for computing the same are adopted to correspond with the different kinds of cases and the manner in which they are presented, but generally they are adopted at the election of the owner. Where something is wrongfully taken from the real estate, the owner may, if he chooses, maintain an action of replevin to recover it back; or he may maintain an action for its value; or he may waive the tort and recover for the amount of the benefit actually received from the thing taken by the wrong-doer; or where the wrong-doer has occupied the land for some time, the owner may waive all other injuries or losses and recover

merely for the rental value of the real estate while the wrong-doer so occupied it; or where the injury is of such a nature that the real estate can be restored to its former condition, the cost of restoring the same may be the measure of the damages; but in such cases the restoring of the property to its former condition can generally only be done with the consent of the owner, for the wrong-doer without the consent of the owner cannot be allowed to reënter the premises and thereby commit another and a new trespass for the purpose of restoring the property. (*K. P. Rly. Co. v. Mihlman,* 17 Kas. 224.) In cases where the wrong-doer has the power without committing any new wrong to restore the property to its former condition, it will generally be presumed that he will do so, and he will generally be given an opportunity to do so; and in such cases the owner will generally be permitted to recover only for his actual loss up to the time of the commencement of his action, or at most only up to the time of the trial; and in such cases, in order that full and complete justice may be awarded to the owner, he will be permitted to commence and prosecute a new action for each and every succeeding or recurring loss occasioned by the original injury until his property shall be finally restored to its former condition. This is particularly true where the wrong-doer has the right and the owner of the land has not the right to restore the property to its former condition — as where the thing that causes the injury to the owner's land is upon the land of another, and where it only indirectly affects his land. But in cases like the present the owner may recover for his entire loss in one action, and only in one action, and he may so recover the same, if he chooses, by recovering for the depreciation in the market value of his land caused by the injuries thereto committed by the wrong-doer. (3 Suth. Dam., 372–374, 392–394; 5 Am. & Eng. Encyc. of Law, 16, 20, 36.) This is in fact a recovery only for the loss occurring prior to the commencement of the action, although it may also to some extent have in contemplation the future. The loss as thus recovered for is precisely the loss which occurred

8 — 45 KAS.

at the very time at which the injury was consummated. In many cases the depreciation in the market value of the land and the cost of restoring it to its former condition would be precisely equal. In the first of the above authorities the following language is used:

"In general, this damage is the amount the estate is diminished thereby in value." (Page 393.)

In the last authority cited, the following language is used:

"In cases of trespass, the cause of action is the wrongful act of the defendant, and the injury resulting is merely the measure of the damages. Therefore, applying the rule above, all damages for a trespass must be recovered in a single action." (Page 16.)

"In actions for injury to real property, where the injury is done to the realty itself, the measure of damages is the difference in the value of the land before and after the trespass, or in some cases the amount necessary to restore the property to the condition in which it was before the trespass was committed." (Page 36.)

Also in all cases where damages may be recovered for the depreciation in the market value of real estate caused by injuries thereto, the owner may recover for the depreciation in the market value of the entire tract, although the injury may in fact be directly only to a portion of the tract. See the above authorities and also the following: *K. C. E. & S. Rld. Co. v. Merrill*, 25 Kas. 421; *Comm'rs of Smith Co. v. Labore*, 37 id. 480; *C. B. U. P. Rld. Co. v. Andrews*, 41 id. 370, 379; *St. L. Ft. S. & W. Rld. Co. v. McAuliff*, 43 id. 185.

The plaintiff also in this case showed the exact location of his land — how it was situated with respect to the city of Fredonia and its streets and the railroad, etc., and for what purposes it might be used, and the jury were also permitted to see it. We do not think that there was any error in this; for when the question of the value of real estate is in issue the owner is entitled to show its market value for any purpose for which it might be the most advantageously used, and for which it would sell in the market for the highest price. (*King v. M. U. Rly. Co.*, 17 Am. & Eng. Rld. Cases, 93; *Comm'rs*

*of Smith Co. v. Labore,* 37 Kas. 480, 484, 485; *Cohen v. St.*
*L. Ft. S. & W. Rld. Co.,* 34 id. 164, and cases there cited;
*Comm'rs of Dickinson Co. v. Hogan,* 39 id. 606; *K. C. & S.*
*W. Rld. Co. v. Ehret,* 41 id. 24, 25.) The question to be con-
sidered is really, What was the property worth immediately
before the injury if used for the purpose for which it could be
the most advantageously used, and what was it worth in the
same condition, except for the injury, immediately afterward,
if it were used for the purpose for which it could be the most
advantageously used?

It is also claimed that the court below erred in permitting
oral testimony to be introduced tending to contradict the ef-
fect of the deed executed by the plaintiff to the defendant.
The plaintiff's counsel, however, stated at the time it was in-
troduced that it was not introduced for that purpose, and the
court did not permit it to go to the jury for that purpose,
and the court afterward instructed the jury that it could not
be used for that purpose. The real object of the testimony
seems to have been to show that the trespass was committed
willfully and maliciously. But as no exemplary damages were
allowed, it really answered no purpose.

It is also claimed that the court below erred in giving the
following instruction:

"You have the right also to take into consideration in this
case such knowledge and information as you may have ac-
quired of the plaintiff's land, as to the alleged injuries com-
mitted there, by the personal examination of the premises
that you have been permitted to make under the directions of
the court."

Under the decision of this court in the case of *City of To-*
*peka v. Martineau,* 42 Kas. 387, this instruction was not er-
roneous. We do not think that any material error was
committed in this case, and therefore the judgment of the
court below will be affirmed.

All the Justices concurring.