The Chicago, Kansas & Nebraska Railway Company v. J. F. Marshall, *as Justice of the Peace.*

Mandamus *to Justice* — *Approval of Appeal Bond.* Where an appeal bond is tendered to a justice of the peace without any justification by the sureties thereon, and the justice is unacquainted with them or with their qualifications and objects to their sufficiency, it is the duty of the party presenting the bond to satisfy the justice by affidavit or other proof of their qualifications; and when this is not done, and the bond is not approved, the justice will not be compelled by *mandamus* to approve the bond after the expiration of the time for appeal, although it then appears that the sureties first offered possessed the requisite statutory qualifications.

*Error from Morris District Court.*

Proceeding by the *Railway Company* against *Marshall*, a justice of the peace, to compel him to approve two appeal bonds. Judgment for defendant, at the November term, 1888. The plaintiff comes here. The facts are stated in the opinion.

*M. A. Low*, and *J. E. Dolman*, for plaintiff in error.

*P. L. Thurman*, and *J. K. Owens*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiff in error brought this proceeding in the district court of Morris county to compel the defendant, as justice of the peace, to approve two appeal bonds which were presented to him for approval by the railway company. It appears that on the 19th day of April, 1888, A. J. Blythe recovered a judgment against the plaintiff in error before J. F. Marshall, a justice of the peace of Morris county, and on the same day J. F. Kendall recovered a judgment against the plaintiff in error before the same justice of the peace. Within 10 days after the rendition of judgment, and on April 28, 1888, the railway company tendered to the justice of the peace an appeal bond in each case, which was sufficient in form and amount, and each was signed by two sureties who resided outside of Morris county but within the state of Kansas. On May 14, 1888, an alternative writ of *mandamus* was allowed by the district court, requiring the defendant in error to approve the bonds or show cause why it should not be done. The defendant in error filed a return, denying the sufficiency of the bonds, and upon a trial of this issue the peremptory writ of *mandamus* was denied.

The testimony shows that the sureties who signed the bonds did not justify, and that no proof of their qualifications was produced before the justice when the bonds were tendered to him for approval. The testimony taken at the trial further shows that the pecuniary condition of the sureties upon the bonds was sufficient to meet the requirements of the statute. The appeal bonds, however, were not accepted by the justice as sufficient, and the attorney who presented them admits that the justice was not satisfied with their sufficiency when they were left with him. Plaintiff in error contends that the only objections made to the sufficiency of the bonds were, first, that the sureties were non-residents of the county; and, second, that

they had failed to justify. The sureties are not required to be residents of the county, but they must be residents of the state. (Civil Code, § 724.) The sureties upon the bonds tendered in this case possessed the requisite statutory qualifications; that is, they were residents of the state and were worth double the sums to be secured, over and above all exemptions, debts, and liabilities. The first objection, therefore, standing alone, would not be good. As to the second objection, it was the duty of the justice to require the persons offered as sureties to make an affidavit of their qualifications. This is a directory provision, and the absence of such qualifications upon appeal bonds that were otherwise sufficient would not invalidate the bonds. (*Railroad Co. v. Wilder*, 17 Kas. 239; *Smith v. Town Co.*, 36 id. 758.) It is probably true, that if a justice accepts a bond and does not require an affidavit of qualifications when the bond is received, he cannot, after the time has expired in which the bond is required to be filed, complain or object to it by reason of the absence of such affidavit. In this case, however, the justice testifies that these were not the only objections to the sufficiency of the bonds. According to his testimony, he told the person presenting the bonds that they were insufficient, and that person admitted that they were not good. He says one reason why he did not approve the bonds was, that the parties did not reside in his county, and he did not know that they possessed the requisite pecuniary qualifications; and the other was, that no affidavit or proof of qualifications of sureties was tendered with the bonds. It was the duty of the person presenting the bonds to satisfy the justice as to the sufficiency of these sureties; but, according to the testimony of the justice, this was not done; nor was there any attempt made to show that they possessed the necessary qualifications, although objection was then made to their sufficiency. Instead of furnishing such proof, the justice was requested to procure sureties who were sufficient. Under the testimony of the defendant in error, the trial court was warranted in denying the application for *mandamus*. Its judgment will, therefore, be affirmed.

All the Justices concurring.