No. 29,650.
No. 29,651.

In re Condemnation of Land for State Highway Purposes: THE STATE HIGHWAY COMMISSION, *Appellant,* v. HARRY W. GRIFFIN and ELLA C. GRIFFIN, *Appellees.*

(294 Pac. 872.)

Opinion filed January 10, 1931.

*Roland Boynton,* attorney for state highway commission, and *Ralph M. Hope,* assistant attorney for state highway commission, for the appellant.

*F. J. Oyler* and *G. R. Gard,* both of Iola, for the appellees.

The opinion of the court was delivered by

BURCH, J.: These appeals involve the same questions of law, and but one record has been abstracted. The questions relate to time of appeal from appraisement of land taken by condemnation proceedings, and power of the court with respect to rendition of judgment when no appeal has been taken.

The state highway commission was given power of eminent domain for highway purposes, to be exercised according to the general condemnation law. Proceedings to condemn land of the Grif-

fins were duly instituted by the state highway commission as petitioner. By agreement with the landowners the petitioner took possession and proceeded to construct a highway, which has been completed. The appraiser's report was filed on October 8, 1929. On December 17, 1929, the district court fixed the appraiser's fees and assessed the cost of the proceedings, including appraiser's fees, to the petitioner. On the same day the petitioner, who was dissatisfied with the appraisement, filed a notice of appeal. On February 16, 1930, the landowner moved for judgment against the petitioner, and on March 29, 1930, personal judgment was rendered against the petitioner for $4,565, the amount of the appraiser's award, and "execution or other process" was awarded.

The statute reads as follows:

"Such appraisers shall take an oath to well and truthfully make such appraisal and shall report their appraisement of each tract in writing, under oath, to the said court or judge thereof, and the same shall be filed with the clerk in the district court.

"If the petitioner desires to acquire the land at the appraised price it shall within thirty days deposit with the clerk of the district court the total amount of such appraisement, shall pay the court's costs and the fees of the appraisers, to be fixed by the court or the judge thereof, and the title to all such lots and parcels of ground thereupon shall immediately vest in the said petitioner, and the said petitioner shall be entitled to the immediate possession thereof and all remedies provided by law for the security of such title and possession. A copy of such proceeding shall be filed with register of deeds and recorded in the same manner as other conveyances of title. If the petitioner shall not within thirty days comply with all the terms of such condemnation, or appeal therefrom, judgment for the costs of such proceeding, including appraiser's fees, shall be entered against the petitioner as in other cases.

"If the petitioner or the owner of any lot or parcel of ground so condemned shall be dissatisfied with the appraisement thereof, he shall, within thirty days, file a written notice of appeal with the clerk of said court and give bond for the costs thereof, to be approved by said clerk, and thereupon an action shall be docketed and tried the same as other actions." (R. S. 26-101, 26-102.)

The petitioner presents an ingenious argument that the appeal attempted to be taken on December 17 from the appraisement filed on October 8 was in time. The court interprets the statute to require appeal within thirty days from the date the appraisement is filed with the clerk of the district court.

When the motion for judgment was filed, and when the judgment of March 29, 1930, was rendered, there was no action or proceeding of any kind pending before the district court in which a personal

judgment for the appraisers' award could be rendered. When the thirty-day period for compliance with the condemnation or for appeal expired, and no appeal had been taken, the power of the court was limited to rendition of judgment for costs, including appraisers' fees. The condemnation proceeding was a special statutory proceeding, appraisement of the land was in the nature of an inquest, and the procedure in such cases is that prescribed by statute. Only in the event of timely appeal could an action be docketed, and no personal judgment for money can be rendered except in an action.

Previous to the 1923 revision of the statutes, a personal judgment could not be rendered even when an appeal was taken, the cause was tried, and a verdict was returned. The order was merely an award, or an order correcting the award. (*St. L., L. & D. Rld. Co. v. Wilder,* 17 Kan. 239, syl. ¶ 7; *L. & T. Rly. Co. v. Moore,* 24 Kan. 323, 328; *K. C. E. & S. Rld. Co. v. Merrill,* 25 Kan. 421, 423; *W. & W. Rld. Co. v. Kuhn,* 38 Kan. 104, 109, 16 Pac. 75; *K. C. W. & N. W. Rld. Co. v. Kennedy,* 49 Kan. 19, 30 Pac. 126.)

The revised statute does not now say that on appeal judgment may be rendered, but if that be the meaning there has been no appeal in the proceedings under review, and landowners' remedies for enforcement of the awards, or other protection of their interests, are common-law remedies. (*Railway Co. v. Murphy,* 75 Kan. 707, 714, 90 Pac. 290; *Railway Co. v. Wilson,* 66 Kan. 233, 237, 69 Pac. 342; *St. L., L. & D. Rld. Co. v. Wilder,* 17 Kan. 239, 247.)

The result is, the personal judgments against the highway commission were void, and the cause is remanded to the district court with direction to set aside those judgments.