170

No. 30,404.

SAMUEL F. KNOX, *Appellee*, v. THE GREAT LAKES PIPE LINE
COMPANY, *Appellant*.

(9 P. 2d 650.)

Opinion filed
April 9, 1932.

*Thomas E. Wagstaff* and *Jay W. Scovel*, both of Independence, for the appellant.

*Kenneth H. Foust*, of Iola, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the Great Lakes Pipe Line Company from an order of the district court of Allen county refusing to dismiss and quash the appeal of three certain landowners by the name of Knox because their appeal bond in a condemnation proceeding was not filed with the county clerk, approved by him and by him certified up to the clerk of the district court, as required by R. S. 66-906 and 66-907, but instead thereof it was filed with the clerk of the district court and approved by him, as provided by R. S. 26-101 and 26-102.

Since 1868 we have had a railroad condemnation law which has from time to time been amended until 1923, when an extended addition was made to it with reference to the service of notice upon the landowners. In 1870 an alternative provision was enacted permitting an application to be made by the railway corporations to the judge of the district court for the appointment of commissioners to lay off, condemn and appraise the proposed right of way, instead of applying to the board of county commissioners for that purpose. But under that provision the further proceedings after the appoint-

ment and qualification of the commissioners were to be exactly the same as where the appraisement was being made by the county board. The procedure by the board of county commissioners and by commissioners appointed by the judge of the district court is outlined in R. S. 66-906 and 66-907, and thereunder the appeal bond should be filed within ten days after the appraisement with the county clerk and be approved by him.

In 1891 an act was passed permitting certain companies other than railroads to condemn land under the provisions of this original railroad law. In 1899, 1901 and 1917 still other companies were added, and among them are pipe-line companies, so that under this amended act, now designated as R. S. 17-618, pipe-line companies have all the rights and privileges afforded railroad companies for acquiring right of way by condemnation proceedings under the provisions of R. S. 66-906 and 66-907.

In the revision of 1923 a new chapter on eminent domain became effective, being chapter 26, and article 1 thereof prescribes a distinct procedure for condemnation of rights of way for all corporations except railroad and interurban railway corporations, authorizing the court or the judge thereof to appoint the commissioners on application filed in the district court and directs that appeals may be taken by filing notice of appeal and appeal bond with the clerk of the district court within thirty days after appraisement, the bond to be approved by the clerk of the district court. It is therefore apparent that the pipe-line company could have instituted and prosecuted this condemnation proceeding by making its application to the judge of the district court of Allen county for the appointment of appraisement commissioners under chapter 66 or chapter 26. Usually one would expect the petition to indicate under what or which law the company was proceeding, but the petition here is silent on this question. It states that it is asking that the land be condemned "under and by virtue of the provisions of the laws of the state of Kansas."

When these landowners were compelled to take notice of this proceeding and appear before the appraisement commissioners, there was no possible way for them to know under which of the two Kansas laws the pipe-line company was proceeding. They have done what was necessary to perfect their appeal under one of the two laws, and the question of jurisdiction does not arise from the face of the papers in the case, but only by a subsequent statement made

by the pipe-line company that it intended the proceedings to be under chapter 66. Jurisdictional features should be patent to both parties. They should both be able to approach and face them with equal knowledge of the facts on which they depend. Even at this late date in a court of review we have no way of determining under which law the proceeding was commenced, except the present statement of the appellant and a surmise from the language of the motion to quash the appeal.

Appellant cites many cases as to the necessity of a strict compliance with the statutory requirement in attempting to perfect an appeal, about which there can be no question. But where a condemnation proceeding can be under either one of the two distinct and separate enactments and there is nothing on the face of the papers to indicate under which law the proceeding is brought, and the landowners take an appeal as prescribed by one of the two laws, it is then too late for the moving party to elect or announce that its intention was to proceed under the other and move to dismiss the appeal for want of compliance with the special provisions of that particular law as to appeal, when the appeal had been taken in compliance with the provisions of the other law. These two methods of procedure were treated at length as applying to a pipe-line company in the case of *Stewart v. Marland Pipe Line Co.*, 132 Kan. 725, 297 Pac. 708, and the requirements for appeal under chapter 26 were fully considered in the case of *State Highway Commission v. Griffin*, 132 Kan. 153, 294 Pac. 872.

There being two distinct statutory provisions for condemnation proceedings, it does not mean that any proceeding can be under both. It must be under one or the other, and any judgment attempted to be rendered under both would at least be questionable. The record itself should definitely show under which chapter the proceedings are being had. If the corporation had indicated one of them, it could not later change to the detriment of other parties. It would then plainly be estopped from changing its base as it is in the election of remedies. There is an estoppel by silence (10 R. C. L. 692), but we would hesitate to regard the silence in this case as a ground for estoppel, but it is certainly a waiver of a right and privilege on the part of the pipe-line company to designate the chapter under which it was proceeding when it had failed to make a choice until it attempted to have the appeal of the landowners dismissed (27 R. C. L. 906).

The pipe-line company had the absolute right to choose its own course of procedure, and still has that right, but not to the detriment of others who have acted along a different line because of the silence of the record and the pipe-line company until the filing of the motion to dismiss. It is said that the filing of the report of the appraisers with the county clerk indicated which course was being pursued by the pipe-line company, but if it was filed there by mistake of the appraisers the pipe-line company would not be bound thereby.

We think there was no error in overruling the motion to dismiss and quash the appeal.

The judgment is affirmed.