The opinion of the court was delivered by
Horton, C. J.:
This was an appeal to the district court of Atchison county, from the determination of commissioners appointed to appraise the value and assess the damages sustained by the plaintiff by reason of the taking of a portion of one of her lots in the city of Atchison for a right of way.
The facts of the case upon which the questions of law arise, are these: Plaintiff is the owner of the north 25 feet of lot No. 13 and lot No. 14, in block No. 21, in the •city of Atchison, lot No. 14 being north of and contiguous to lot No. 13. Upon lot No. 14' the plaintiff has a three-story hotel, which she and her husband keep, and at which they reside. The north 25 feet of lot No. 13 is used, in connection with lot No. 14, the two lots being occupied and enjoyed as one tract. In August, 1879, the defendant company, through commissioners appointed for that purpose, proceeded ■to condemn the southeast corner of the 25-feet strip in lot 13, and acquired by such proceeding a triangular piece of *386 ground 35 feet long on the south and 23 feet long on the east. But in constructing its track it is alleged that the company appropriated a strip of ground 2 feet wide, running the length of the long side of the triangle, more than it had condemned. In the condemnation proceedings lot 14 was not mentioned, and the commissioners appraised the triangular piece of ground appropriated from the southeast corner of the said 25-feet strip in lot 13 at the sum of $279, and assessed the damages of the owner’s interest at that sum. In the undertaking for appeal, the proceedings relating to the condemnation of the southeast corner of the north 2.5 feet of lot No. 13 are referred to, and the damages assessed are stated; and then it is alleged that as the appellant deems such valuation and assessment of damages totally inadequate and insufficient, she intends to appeal therefrom to the district court. After the appeal was perfected, and at the January term of 1881, plaintiff, without leave but upon notice to defendant, filed a petition, alleging therein the joint use of the said 25-feet strip in lot 13 and said lot 14 as one tract of property, and alleging damages to the whole of said property, which petition on motion of defendant was stricken from the files. The case was then continued to the March term, 1881. On the 18th day of January, 1881, plaintiff filed a motion for leave to refile said petition, which motion was heard on the 31st of January, and denied by the court, on the ground that the petition presented matters not embraced in the appeal undertaking. The case'was tried at the March term,. 1881, and on the trial plaintiff offered evidence tending to prove that the 25-feet strip of lot 13 and lot 14, with the hotel, had long been used as one property; that the 25-feefc strip was bought and used for a woodyard, for drying' clothes laundried in the hotel, and various, other purposes; that after the construction of the track over lot 13 and the use thereof by the railroad company for its engines and cars, lot 13 was no longer suitable to be used for laundry purposes; and also that the defendant in the construction of its track built it two feet beyond the line of the condemned property, and upon *387 the land of the plaintiff, thereby using about 84 square feet more than it had condemned. Plaintiff then attempted to prove damages to the hotel and lot .14 by such appropriation, and also to the 25-feet strip, by the use of the 2-feet strip in addition to what had been condemned. All of this evidence was excluded by the court, and the plaintiff excepted.
In §86, ch. 23, Comp. Laws of 1879, it is provided that—
“An appeal shall be had from the determination of the board of county commissioners as to the value of the land, crops, buildings and other improvements on said land, and for all other damages sustained by such person or persons by reason of such right of way so appropriated, in the same manner as appeals are granted from the judgment of a justice of the peace to the district court.”
It is true that the appeal bond gave .jurisdiction to the district court, but as such bond recited therein all the property referred to in the proceedings of the commissioners, together with the amount of compensation allowed, and further stated that the valuation and assessment of damages were deemed totally inadequate and insufficient, we think the court ought to have permitted, under the appeal, proof of all actual dam-' ages sustained by the plaintiff by reason of the right of way being taken and appropriated by the defendant. “In such cases the damages must always very much depend upon the use to which the property is appropriated, and its situation and value with reference to other property of the same owner with which it is connected in use; and that rule of assessmént or valuation would seem to be the only true one which makes the-compensation go hand in hand with the actual loss or injury sustained by the person whose land is thus taken. People may do what'they will with their own — this is the essential idea of property;' and whilst speculative damages cannot be allowed, yet actual damages — its value to the owner, his use being considered — must always be.” (Welch v. Railway Co., 27 Wis. 108; Railroad Co. v. Merrill, 25 Kas. 421.)
It was the duty of the commissioners, not only to have appraised the value of the right of way appropriated, but also to have assessed the damages of the owner’s interest; and the *388 appeal is had from the determination of the commissioners as to the value of the land, and for all other damages sustained by the owner by reason of such right of way so appropriated. Therefore, if the land-owner is injured as to a whole tract of land, he is entitled to recover damages for the injury to the whole property, not merely for that to the separate lot or piece of land over which the railroad is built. In our view, it is always better for the court upon appeal to permit the landowner to file his petition setting forth his actual damages sustained by reason of the right of way being appropriated over his property, so that the railroad company may be fully informed before the trial of the evidence to be offered. But, ' independent of the filing of such petition, we think evidence should go to the jury as to all actual damages sustained by the land-owner by reason of the right.of way appropriated, as to all the premises used as one tract or piece of property, whether it consists of one or more lots — of one or more quarter-sections of land. In condemnation proceedings, the company is the party that sets in motion the steps whereby the owner is deprived of his land, and if such company only take a few feet from a tract of property consisting of more than one lot, and used together as one property, the damages are to be assessed with reference to the injury to the whole property, and not to the lot alone from which the right of way is taken.
Under the provisions of § 4, article 12 of the constitution of the state, a railway company must pay for the right of way irrespective of any benefit from the proposed improvement of the company, and the compensation for such right of way appropriated to the use of the company includes not only the value of the property taken, but also the loss the landowner sustains in the value of his property by being deprived of a portion of it. (Constitution of Kansas, art. 12, § 4; St. Joe & Denver City Rld. Co. v. Orr, 8 Kas. 420; M. K. & T. Rly. Co. v. Haines, 10 Kas. 439; A. T. & S. F. Rld. Co. Blackshire, 10 Kas. 477; Rld. Co. v. Merrill, supra; Field on Damages, §846, p. 668.) In the first instance, the commissioners *389 must appraise the value and assess the damages of the landowner’s interest. The appeal from such determination vacates the assessment and brings before the district court, de novo, the appraisement of the value and the assessment of damages; and this necessarily embraces, not merely the valuation and damage to the portion of the lot taken, but all the actual damages sustained by the land-owner by reason of the condemnation to the tract or parcel of. land inclosed and used as a whole property. Therefore on appeal, the company is bound to take notice, even without the filing of a petition by the landowner, that such owner has the right to offer evidence tending to prove all damages sustained by him by reason of such right of way so appropriated. Of course we do not intend to intimate from what we have already said, that lot 14, or the Tremont hotel property thereon, was in any way actually damaged by the appropriation of a portion of lot 13 by the defendant. That is a question of fact for the jury to determine— not for this court. But the district court erred in refusing to give the plaintiff the opportunity to offer evidence before the jury that she had sustained damages to lot 14 and the hotel property by the appropriation of a part of lot 13, which she alleged was a necessary part of the Tremont hotel property, and used in connection with lot 14.
As to the two feet of ground alleged to have been taken outside of the condemned property, we think the court properly excluded any evidence of damages therefor. The appeal was from the determination of the commissioners as to the value of the land taken, and for all other damages connected with the appropriation of the portion of the lot so condemned. Beyond the limit of what was condemned, the company had no right whatever, and if it has used other portions of the lot of plaintiff, it is not a matter of inquiry upon an appeal from the condemnation. If the company has taken possession of any part of the lot beyond that which has been condemned, it is a trespasser thereon, and an action of ejectment may be prosecuted for its recovery, or an action for damages may be maintained for all wrongful acts done out *390 side of the right of way acquired by the condemnation. (The State v. Armell, 8 Kas. 288.)
While the conclusion we have reached concerning the right of the plaintiff to offer evidence of damages ’ to lot 14 and the hotel property thereon must necessitate a new trial, yet, as advisory of the action of the court upon a further hearing of the case, it is fitting that we should refer to the question of law presented in the cross-petition of defendant. The commissioners found the value of the land appropriated, and the damages for the taking thereof, at the time of the assessment, to be the sum of $279. Upon the trial, the jury found the sum tobe only $275. Under the instructions of the court they found, in a separate item, the amount of interest on said sum to bé $28.87-J. The court ordered the defendant to pay the $275 damages assessed by the jury, together with $28.87-|- as interest theréon, making the total sum of $303.87J. But the costs were adjudged against plaintiff. It is clear that the land-owner shall not be allowed costs, if his recovery on appeal is less than the assessment of the commissioners. We think that where the money has been deposited as required by the statute, for the benefit of the land-owner, and upon appeal the land-owner recovers less than the deposit, such deposit may be treated as a tender before the appeal, and the railroad company is not required to pay interest during the pendency of the appeal. It is true, that the appeal vacates the assessment, but as the land-owner had the opportunity to accept such deposit, and on appeal recovers a less sum, whereby it is determined that he should have taken the deposit rather than have appealed, he ought not to be entitled to interest after the refusal of the deposit so tendered.
The judgment of the court below will be reversed, and further proceedings had in accordance with the views herein expressed.
All the Justices concurring.