## THE BOARD OF COMMISSIONERS OF DICKINSON COUNTY v. MICHAEL HOGAN.

1. ROAD — *Damages for Location* — *Notice of Claim.* Where a claim of damages is presented to road viewers by a land-owner, and the notice states that the owner claims damages to a tract of land by reason of the appropriation of two and $\frac{40}{100}$ acres of said tract, *held*, that such notice is sufficient to enable the owner to recover all damages he may have sustained by reason of the location of the road through the land.

2. DAMAGES TO LAND-OWNER — *Evidence, Error in Excluding.* Where a land-owner appeals from an award of damages allowed by the county commissioners for the location of a road, and the county offers evidence to show the value of the land actually appropriated for road purposes, independent of its improvements or its connection with other lands, *held*, that the rejection of such evidence is error; and *further held*, where such evidence is offered as the only measure of damages that the owner is entitled to, its rejection, under such circumstances, is not sufficient error to warrant a reversal.

3. ———— *Measure of Damages.* In such a case the proper elements of damages are whatever tends to make the land of less value after the location than it was before, which may include additional fence, its repairs, separating the land, inconvenience in going from one tract of land to another separated by such road, and the like.

*Error from Dickinson District Court.*

THIS was an appeal from a decision of the board of county commissioners of Dickinson county, upon a claim for damages for the establishment of a public road through the lands of the defendant in error, plaintiff below. Trial by jury at the May term, 1886, and verdict and judgment for the plaintiff for $300. The notice served by the plaintiff upon the viewers,

under which he claims damages, and upon which trial was had in the district court, is as follows:

"*To the Viewers of said Road as petitioned by Gus Byrne and others:* Referring to the above notification, I hereby make claim and application for damages and compensation in the sum of $300, in the event that said proposed road is located and established through the N.W. $\frac{1}{4}$ of section 28, and N.E. $\frac{1}{4}$ of section 29, township 12, range 4, said proposed location causing an appropriation of $2\frac{40}{100}$ acres of said land, $300.

Dated February 12, 1885."         Michael Hogan.

The jury were requested to make special answers to the questions submitted, as follows:

"*Ques.:* At the time the road was located, what was the value per acre of the plaintiff's farm?    *Ans.:* $40.

"Q. At the time the road was located, what was the value per acre of the land taken for the county road?    A. $40.

"Q. What amount of damage has the plaintiff sustained by reason of the $2\frac{40}{100}$ acres of land taken for the road?    A. $300.

"Q. What amount of damage has the plaintiff sustained by reason of the necessity of constructing additional fence?    A. $128.

"Q. If you find that the plaintiff has sustained any damage on account of the location of the road, other than the value of the land taken and the cost of building new fence, state the amount and the items of the damages sustained.    A. $76; disadvantage in opening the gates; and keeping the fence in repair; and paying taxes on said road; and of taking cattle back and forth."

*The County* brings the case here for review.

*G. W. Hurd,* county attorney, for plaintiff in error.

*J. R. Burton,* for defendant in error.

Opinion by Clogston, C.: At the trial in the district court it was admitted by the parties that the only question at issue was the amount of damages the plaintiff was entitled to by reason of the location of the road through his farm, and this question alone was submitted to the jury.    The board of county commissioners complains, first, that the court erred in admitting evidence tending to prove elements of damage that

plaintiff was not entitled to recover for; second, in refusing to allow the defendant to show the value of the land appropriated, independent of the improvements, and its connection with the remainder of the land; and third, that the findings of fact are not supported by the evidence, and are inconsistent with the measure of damages that the plaintiff is entitled to. As to the first of these propositions, we think the court was correct. The measure of damages under the claim presented in the notice to the viewers embraced all the elements of damage that the plaintiff had a right to claim. His claim was for damage to his farm by reason of the appropriation of $2\frac{40}{100}$ acres of land, in the sum of three hundred dollars. This, while not specific in its items, yet was in gross what the farm was worth less by reason of the location of this road through it than it was before. This we think was the proper measure of the plaintiff's recovery. (*Reisner v. Depot & Rld. Co.*, 27 Kas. 382; *Comm'rs of Smith Co. v. Labore*, 37 id. 480.)

The court erred in refusing to allow the admission of the evidence offered by the board of commissioners. It had a right to show what the land was worth, independent of surrounding circumstances or improvements. This would be one manner of ascertaining the damages, and if the board cared to do so, it ought to have been allowed to show what the land was actually worth, independent of its connection with the farm or the improvements thereon; and doubtless had the court been informed that the evidence was offered for that purpose, it would have permitted it. But the record seems to show that it was offered not for that purpose, but for the purpose of showing and under the claim that it was the only damages the plaintiff was entitled to; that under his claim of damages, as presented to the viewers, he could only recover the actual value of the land taken, independent of improvements, or its connection with the farm. Under this view the court rejected the evidence, and under this claim we think the court was correct; and while the evidence ought to have been admitted, yet we think the error was not such as would warrant a reversal of the action.

As to the third error assigned, we do not think that the findings of fact found by the jury are inconsistent with their verdict, or include improper elements of damage, but on the contrary, are in harmony therewith. The damages to a land-owner through whose farm a public road is laid are made up of innumerable elements, differing in each particular case. The object and purpose for which a farm is used; what it is adapted to; the manner in which it is used; its location and convenience, are all matters to be taken into consideration in assessing the damages. Where land is owned and used for stock purposes, water being upon one part and grazing-land upon another, the means of reaching different portions of the land for the purpose for which it is used and adapted, and the like, must always be considered. So in this case: the fact of the land being separated by a public road, the disadvantage of maintaining and keeping up fences, the opening of gates and crossing from one part of the land to another; the tak-ing of cattle from one part of the premises to that of another, for the purpose for which the land was used and adapted, are all proper elements to be considered by the jury. Therefore, while the jury answered the questions by giving a number of the elements that entered into and helped make up the damages, yet doubtless there were many others that were not included in their answers. There are so many causes it would be almost impossible to enumerate them, that go to make a farm less valuable by reason of the location of a road through it; and if the things enumerated go to make up the value of the land, or lessen its value, then they might be properly con-sidered by the jury. (*Comm'rs of Smith Co. v. Labore*, 37 Kas. 480.) It is the convenience of a farm for the purpose used, its situation and surroundings, that make it valuable.

We are therefore of the opinion that the judgment of the court below must be affirmed.

By the Court: It is so ordered.

All the Justices concurring.