McWhorter *et al. v.* Heltzell.

No. 14,374.

McWHORTER ET AL. *v.* HELTZELL.

REAL ESTATE.—*Action to Recover.—Title by Possession.*—Where a complaint to recover real estate alleges title in fee in the plaintiff, and the facts found in the special verdict show title through possession continued for the requisite period by the ancestor of the plaintiff's grantor, and heirs, the allegation of the complaint is supported, a title in fee is shown.

SAME.—*Title Traced to Common Source.*—Where title is claimed through a common grantor, it is sufficient to trace it to that source.

SAME.—*Election to Sue for Damages.—Condition Broken.*—Where one elects to sue for damages and accepts judgment, he is precluded from entering for condition broken.

| 124 | 129 |
| 127 | 292 |
| 134 | 195 |
| 134 | 248 |
| 136 | 660 |
| 124 | 129 |
| 138 | 110 |

From the Noble Circuit Court.

*P. V. Hoffman,* for appellants.

*H. G. Zimmerman,* for appellee.

ELLIOTT, J.—The facts as they are stated in the special verdict are, in substance, these : The land in controversy was entered by Jerome Sweet under a land warrant in 1852, but he did not take possession of it. On the 26th day of July, 1853, Harrison Wood conveyed the land by deed of general warranty to Andrew Cramner. This deed was recorded on the 7th of September of that year, but it does not appear that Wood ever had possession of the land. Cramner lived on the land, cleared and fenced part of it. He died in possession of the land, leaving as his heirs Minerva Cramner, his widow, and Joseph J. Cramner, David B. Cramner and Ananias Cramner, his children. All of the children were infants at the time of their father's death. The widow, Minerva Cramner, married John McWhorter, a brother of the defendant James McWhorter, with whom she lived until her death, in 1862. Her second husband and two of the children of the second marriage, Sarah and Adaline, survived her. On the 30th day of January, 1869, Joseph J. Cramner conveyed the one undivided third of the land to

Joseph Roe, who was then in possession of the land. On the 21st day of November, 1871, David B. Cramner conveyed to the appellee one undivided third of the land, but at the time of the execution of the conveyance the grantor was not in possession of the land, having, while an infant, executed a lease for life to Sylvius Roe, the wife of Joseph Roe. At the time of the execution of the deed David B. Cramner revoked and disaffirmed the lease executed by him during his infancy. On the 7th day of May, 1877, Ananias Cramner conveyed an undivided one-third of the land to the appellee. On the 7th day of December, 1871, George W. Heltzell was in possession of the land, and on that day Joseph Roe and his wife Sylvius Roe executed to Heltzell a deed for the undivided one-third of the land. At the time of the execution of the deed Heltzell executed a written agreement, wherein he agreed to deliver to Sylvius Roe one-third of all the crops grown on the land during her life. Heltzell failed to perform his agreement, and on the 8th day of December, 1873, Sylvius Roe instituted an action against him before a justice of the peace to recover the value of the portion of the crops he had agreed to deliver to her. She recovered judgment; Heltzell appealed to the circuit court, but she again succeeded. The judgment for damages recovered by her was subsequently paid. On the 17th day of August, 1874, Heltzell removed from the land, declared he would no longer cultivate it, and abandoned it. From that time until the death of Sylvius Roe he failed and refused to cultivate the land or to comply with his agreement. On the 17th day of August, 1874, George W. Heltzell executed a deed for the land to the appellee. In the deed executed by him it was recited that the grantee took the land subject to the agreement made at the time Joseph and Sylvius Roe conveyed the land to George W. Heltzell. At the time Heltzell surrendered possession of the land Sylvius Roe took possession, and continued in possession until her death in 1886. Sylvius Roe left surviving her three children, Josephus

McWhorter *et al. v.* Heltzell.

Roe, Rachel McWhorter and Sylvius Heltzell, the wife of George W. Heltzell.

It is argued by appellants' counsel that the trial court erred in rendering judgment on the special verdict in favor of the appellee, and the first proposition stated in support of this general position is, that as the complaint alleges that the appellee is the owner in fee, there can be no recovery unless the special verdict shows that he is the owner in fee, and that it fails to do this. We think that counsel is clearly in error. The ancestor of the appellee's grantor went into possession in 1853, and possession begun by him and continued by his heirs gave them a title in fee simple. Title acquired by possession is as high as any known to the law. *Sims* v. *City of Frankfort*, 79 Ind. 446; *Riggs* v. *Riley*, 113 Ind. 208. The right acquired by the ancestor vested in his children, and when the possession ripened into a title it became a fee. *Brown* v. *Freed*, 43 Ind. 253. But, independently of the rule just stated, the case is with the appellee upon the point under discussion, for Sylvius Roe claims through Joseph J. Cramner, and he through Andrew Cramner, so that all the parties claim title from a common source, and this brings the case within the familiar rule that where title is claimed through a common grantor it is sufficient to trace it to that source. *Wilson* v. *Peelle*, 78 Ind. 384.

So far as concerns the breach of what the appellants' counsel denominates a condition subsequent, it is enough to say that Sylvius Roe, by electing to sue for damages, and accepting judgment, precluded herself from entering for condition broken. It is a very ancient rule that a condition once gone is gone forever. *Dumpor's Case*, 1 Smith's Leading Cases, 47; 2 Washburn Real Prop. (4th ed.) 12; *Nordyke & Marmon Co.* v. *Gery*, 112 Ind. 535.

Judgment affirmed.

Filed May 28, 1890.