Filed March 11, 1892.

No. 15,020.

THE CHICAGO AND WEST MICHIGAN RAILWAY COMPANY *v.* HUNCHEON ET AL.

| 130 | 529 |
| 164 | 436 |

RAILROAD.—*Condemnation for.*—*Entirety of Land Injured.*—A line of railway was established across a farm which consisted of several different tracts of land, all lying contiguous to each other, and all used together as one farm. The line of railway thus established passed between certain of the tracts, separating them from each other.

*Held,* that this does not necessarily so separate the several tracts that they can not thereafter be considered together in assessing damages for the right of way of other railroads. They may, notwithstanding, still constitute but one farm.

SAME.—*Assessment of Damages.*—*Lands to be Considered.*—*Jury.*—*Question for.*—In assessing the amount of damages for a right of way where the land affected are parts of one farm, lying in one compact body, or, although composed of separate and distinct tracts or governmental subdivisions, the separate tracts lie contiguous, are owned by one person, and are used together as comprising one farm, whatever may be its size, damages should be considered and assessed for the entire farm;

and whether the several tracts or subdivisions do lie contiguous, and are in fact used together as one farm, is a question of fact to be determined by the jury from the evidence.

SAME.—*Easement.—Right of Way is Only.*—A right of way acquired by a railroad company by an appropriation under the statute is a mere easement.

From the St. Joseph Circuit Court.

*J. H. Bradley*, for appellant.

*C. F. Griffin, D. J. Wile* and *J. B. Longworthy*, for appellees.

McBRIDE, J.—The appellees are the owners of one thousand acres of land in one body in Laporte county. The land is crossed by two lines of railroad other than that of the appellant. The Louisville, New Albany and Chicago Railway crosses it from north to south, and the Chicago, St. Louis and Pittsburgh Railroad crosses it from east to west. The appellant sought to appropriate a strip for its right of way, crossing the land from northeast to southwest. The necessary steps were taken under the statute; but the award of the arbitrators was unsatisfactory to the appellees. They filed exceptions, the cause was tried by a jury, and resulted in a verdict and judgment in their favor. The only question arising on this appeal grows out of the action of the court in admitting in evidence the testimony of certain witnesses. The land sought to be appropriated was all embraced in three quarter sections, which were described in the act of appropriation.

The exceptions upon which the case was tried were upon the ground of inadequacy of damages, and contained no description of the land, but alleged, as above stated, that it consisted of " about one thousand acres of land in one body."

The testimony admitted by the court, over the objection of the appellant, related to that portion of the land not described in the act of appropriation. The objections were twofold in their character, and were stated by the appellant,

in its objection to the introduction of the testimony, as follows:

"Said tracts or parcels of land constitute no part of the particular tract or parcel of land from which the land appropriated is taken, but are each separate and distinct, and cut off from that part of the land out of which the plaintiff's right of way is taken, each by the right of way of an existing railroad, in operation at the time of the taking of the defendants' land by the plaintiff company; and that, therefore, defendants were not entitled to prove or recover any damages for injury thereto; and also, for the reason that there is not any place in the instrument of appropriation, warrant, warrant to, or report of the appraisers, nor in any exception filed by the defendant in this cause, nor in any of the pleadings filed herein, any allegation or claim that any lands situated in said section 16 are affected or damaged by the location of said plaintiff's railroad, or the appropriation herein, and that, therefore, said defendants were not entitled to show or recover for any injury to said tract, section 16, nor was any issue made or tendered thereto."

A similar objection was made to testimony relating to another tract lying in section eight.

Counsel for the appellant concedes that it is the general rule " that all land belonging to one proprietor, in a continuous (or contiguous) body, and which is used together for a common purpose, will be considered one tract, without regard to the government subdivision," but says: " There must, however, be a connected use of the entire land. The land in section 8, west of the Louisville, New Albany and Chicago Railroad, can not be considered as being a continuous part of the main body of appellees' land, because it is, and was, at the time of the construction of appellant's railroad, cut off from all of the other land by the New Albany Railroad, which was an existing railroad in operation at the time of the appropriation of appellees' land. Although this parcel of land had been owned by appellees for many years,

they had never used it in connection with their other lands, nor was it capable of being so used. The Louisville, New Albany and Chicago Railroad separated it from the other land. There were no crossings in any way connecting it; and thus, for any practical purpose, it was as much a distinct and separate tract of land as if cut off from the other by a wall similar to the great wall of China."

To sustain the appellant's contention would be to take a question of this character from the jury, and say, as a question of law, that when a farm is crossed by a right of way of a railroad, it becomes and is thereafter two farms instead of one. The rule, applied to the appellees' land, as it will be with the appellant's right of way established, would require it to be considered as six distinct bodies of land, no one of which could be regarded as affected in value by the establishment of a railroad across any of the other tracts.

The appellant also seeks to have the court pass upon the constitutionality of section 1 of the act of April 8th, 1885 (Acts of 1885, p. 148; Elliott's Supp., section 1073), upon the ground that it is only by virtue of that statute, if at all, that farm crossings can be compelled, so as to connect the several tracts of land divided by the different railroads.

It is insisted that the statute is unconstitutional, and that there is, therefore, no way of connecting the several tracts of land, and, as a consequence, they must necessarily be considered as separate and distinct tracts, and not contiguous, or forming parts of one farm.

We find nothing in the record requiring us to determine the constitutional question thus suggested.

We are not disposed to adopt as correct the contention of the appellant that the mere establishment of a line of railroad across a tract of land so effectually and completely divorces the severed tracts that the law will declare that they can no longer constitute parts of one entire farm.

The right acquired by a railroad company by the appropriation of a right of way under the statute is a mere easement.

*Quick* v. *Taylor*, 113 Ind. 540; *Cincinnati, etc., R. W. Co.* v. *Geisel*, 119 Ind. 77.

The mere imposition of a public easement upon and over a body of land does not of itself operate to divide it into separate farms. *St. Paul, etc., R. R. Co.* v. *Murphy*, 19 Minn. 500 (515).

The fact that parts of a farm are separated by a road or a canal will not affect the question, if such parts are in fact used together. Note to *Winona, etc., R. R. Co.* v. *Waldron*, 88 Am. Dec. 100 (119), and cases there cited.

The true rule in the assessment of damages for right of way is that where the lands affected are parts of one farm, lying in one compact body, or, although composed of separate and distinct tracts, or government subdivisions, the separate tracts or subdivisions lie contiguous to each other, are owned by one person, and are used together as comprising one farm, whatever may be its size, damages should be considered and assessed for the entire farm. This is true, whether the lands are all described in the articles of appropriation or not. The company asking the appropriation of the right of way is bound to take notice of the whole tract, and be prepared to meet a claim for damages to the whole. *Minnesota Valley R. R. Co.* v. *Doran*, 15 Minn. 230 ; *Hartshorn* v. *B. C. R., etc., R. R. Co.*, 52 Iowa, 613; *Atchison, etc., R. R. Co.* v. *Gough*, 29 Kan. 94; *Winona, etc., R. R. Co.* v. *Denman*, 10 Minn. 267 ; *Wilmes* v. *Minneapolis, etc., R. W. Co.*, 29 Minn. 242 ; *Welch* v. *Milwaukee, etc., R. W. Co.*, 27 Wis. 108 ; *Bigelow* v. *West Wisconsin R. W. Co.*, 27 Wis. 478 ; *Reisner* v. *Atchison, etc., R. R. Co.*, 27 Kan. 382.; *Kansas City, etc., R. R. Co.* v. *Merrill*, 25 Kan. 421 ; Elliott Roads and Streets, 190, and authorities cited in note 2.

Whether the several tracts or subdivisions do lie contiguous to each other, and are in fact used together as one farm, is a question of fact to be determined by the jury from the evidence. *St. Paul, etc., R. R. Co.* v. *Murphy*, 19 Minn. 500.

In our opinion the court did not err in admitting the testimony. This is the only question presented and argued.

Judgment affirmed, with costs.

Filed March 11, 1892.