Vandalia Railroad Company *v.* Topping et al.

[No. 10,090. Filed March 9, 1920.]

1. Appeal.—*Review.*—*Motion for New Trial.*—*Sufficiency.*—Where defendant railroad company and other like companies had been consolidated before the filing of the motion for a

new trial, the fact that the motion in the body thereof purported to be that of the consolidated company, which at the time was not a party to the action, did not make the motion that of such company, so that it was insufficient to present for review error assigned therein; the motion having the proper title and being treated by the trial court and the parties as that of defendant. p. 696.

2. EJECTMENT.—*Measure of Damages.—Evidence.—Value of Property.—Admissibility.*—In ejectment, the measure of plaintiff's damages is the value of the use and occupation of the real estate, and the admission of evidence to prove the value of the property is improper. p. .697.

3. APPEAL.—*Review.—Instructions.—Applicability.*—In ejectment, where the evidence did not show wanton aggression on the part of defendant, it was harmful error to instruct that the jury might award exemplary damages if defendant had taken possession in a wanton and aggressive manner. p. 698.

4. APPEAL.—*Review.—Refusal to Direct Verdict.—Adjudication on Prior Appeal.*—The refusal of the trial court to direct a verdict will not be reviewed, where the question presented thereby was determined adversely to appellant's contention on a prior appeal, since such former decision is the law of the case. p. 698.

From Greene Circuit Court; *Theodore E. Slinkard,* Judge.

Action by George W. Topping and another against the Vandalia Railroad Company. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*W. V. Moffett, Samuel O. Pickens, Charles W. Moores, R. F. Davidson, Owen Pickens* and *D. P. Williams,* for appellant.

*James M. Hudson* and *Alexander G. Cavins,* for appellees.

REMY, P. J.—Action by appellees to recover possession of, and to quiet title to, a small tract of real estate, and for damages for use and occupation. The complaint is in two paragraphs, one an ordinary com-

plaint for ejectment, the other to quiet title. Appellant answered by denial; and filed cross-complaint to quiet title, claiming ownership of the real estate for railroad purposes, as a part of its right of way. Trial by jury resulted in a verdict and judgment for appellees for possession, quieting their title to the land in controversy; and for $500 damages.

This is the second appeal. *Vandalia R. Co.* v. *Topping* (1916), 62 Ind. App. 657, 113 N. E. 421. The important facts necessary to a clear understanding of the issues are fully set out in the former opinion and, since the issues have not been changed, need not be repeated here. The only assigned error is the action of the court in overruling the motion for a new trial. It will not be necessary to discuss all the questions presented.

It appears from the record that after the trial of this cause, and before the motion for a new trial had been filed, appellant, Vandalia Railroad Company, and certain other railroad companies had been legally consolidated under the name of the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company, the latter succeeding to all the rights, title and franchises, and becoming subject to all lawful liabilities of the Vandalia Railroad Company, and that the consolidation was complete and in effect when appellant filed its motion for a new trial in the cause, which motion was entitled "George W. Topping and Mary E. Topping v. Vandalia Railroad Company," but in the body thereof such motion purported to be the motion of the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. The court's order-book entry of the filing of the motion was as follows: "And the defendant Vandalia

Railroad Company now files its motion and reasons for a new trial, which motion and reasons are in the words and figures following: (Setting forth the motion.)'' In the order-book entry of the court's action in overruling the motion, it is referred to as the motion ''of defendant.'' It is insisted by appellees that, since the Vandalia Railroad Company was the sole defendant in the trial of the cause and since the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company was at no time substituted as the defendant, the assignment of error by appellant presents no question for review. The contention of appellant is without merit. The question was by the lower court and by the parties treated as the motion of appellant. The mere fact that the name of the consolidated company was inadvertently used in the body of the motion, under the circumstances shown by the record, could not make it the motion of that company which at the time was not a party to the action.

Appellees aver in their complaint that they are the owners in fee simple of a given tract of real estate which they denominate as the ''mill property,'' which includes the land in dispute and certain contiguous land not in dispute. Appellant in its cross-complaint alleges that it is ''the owner and in possession of, as and for a part of its right of way for the maintenance and operation of its railroad,'' of the real estate in controversy. It appears from the evidence that in March, 1913, appellant constructed a siding in connection with its main track, such siding being constructed upon the real estate in dispute. On the trial appellees were permitted by the court, over appellant's objection, to

prove the value of the "mill property" immediately before and immediately after the construction of the siding by appellant. This was error. In an action in ejectment, the measure of plaintiff's damages, if it is found that the plaintiff is entitled to recover, is the value of the use and occupation of the real estate. As is stated in 9 R. C. L. 942: "The value of the rents and profits being in issue, evidence upon that point is of course admissible, but evidence as to the value of the property is immaterial and cannot be received." See also §1104 Burns 1914, §1058 R. S. 1881; *Woodruff* v. *Garner* (1866), 27 Ind. 4, 89 Am. Dec. 477; *Bottorff* v. *Wise* (1876), 53 Ind. 32; *Hill* v. *Forkner* (1881), 76 Ind. 115; *Dobbins* v. *Baker* (1881), 80 Ind. 52.

The court by instruction No. 12 informed the jury that if they should determine to find that the plaintiffs were entitled to possession of the real

3. estate in controversy, and if they should find that appellant had taken possession of such real estate in a wanton and aggressive manner, they might award exemplary damages. Within the meaning of that term, as defined by this court in its former opinion (*Vandalia R. Co.* v. *Topping, supra*), the evidence does not show wanton aggression on the part of appellant, and the giving of the instruction was harmful error.

The trial court refused to direct the verdict as requested by appellant. The question thus presented was, on the former appeal, decided adversely

4. to appellant's contention, and is therefore the law of the case.

The cause is reversed, with instructions to grant a new trial.