STRASSER ET AL. *v.* POWELL ET AL.

[No. 19,347. Filed February 23, 1961.]

*Charles S. Siferd,* of Monticello, for appellants.

*Fred Schwanke,* of Monticello, for appellees.

MYERS, J.—This is an action brought by appellees, Ulysses Powell and Nedra L. Powell, to recover judgment for possession of certain real estate from appellants, Thomas R. Strasser and Margaret E. Strasser, and to recover damages for alleged unlawful possession of the real estate, after notice to vacate had been served upon appellants.

Appellees alleged in their complaint that they were the owners in fee-simple, and entitled to immediate possession, of certain real estate located in White County, Indiana; that appellants were in possession of said real estate without right and had unlawfully kept appellees out of possession thereof since February 16, 1958; that appellants acquired possession of the premises under the terms of an oral lease which was entered into on or about April 5, 1957, whereby appellants leased the premises from appellees on a month-to-month basis for a rental of $49.50 per month; that on the 17th day of

January, 1958, appellees caused a notice to quit to be served upon appellants, and that appellants refused to leave the premises.

Appellants filed an answer in which they admitted being in possession of the property, but denied all other allegations of the complaint.

Subsequently, appellees filed a supplemental complaint in which they alleged that appellants had continued to hold possession of the premises since the filing of the original complaint, and asked for additional damages in the sum of $500.

The cause was tried without the intervention of a jury. The court found that appellees were the owners of the real estate in controversy and entitled to possession thereof. Damages were assessed against appellants in the sum of $544.50 and judgment was entered accordingly.

Appellants filed a motion for new trial in which they specified error as follows:

1. The decision of the court is not sustained by sufficient evidence.

2. The decision of the court is contrary to law.

3. The assessment of the amount of recovery is erroneous, being too large.

4. The damages assessed by the court are excessive.

The facts in the case as determined from the record, and which are most favorable to appellee, are as follows: In 1954 appellees were the owners of the real estate involved herein, situated in Burnettsville, White County, Indiana. It consisted of a house and a three-acre lot. On or about July 30, 1954 they sold it to appellants for a total sum of $8,500. At the time there was a mortgage on the property, held by a Building and Loan Association, which had been given by appellees as security for a loan. The balance due on the loan was

the sum of $3,992.54. Appellants assumed and agreed to pay. this mortgage loan, and gave appellees a check for the difference in the amount of $4,507.46.

Appellants took possession of the premises and made monthly payments on the mortgage for several years. However, they fell in arrears and the Building and Loan Association filed suit to foreclose the mortgage, making appellants and appellees parties defendants. On April 5, 1957, appellants and appellees met in appellants' home and discussed the situation. Appellants had tried to obtain some new loans, but had been unsucessful. It was finally agreed that appellees would refinance the property in their own name with the Building and Loan Association, provided, however, that appellants would deed the real estate back to them. Thereupon, appellants executed and delivered a quit-claim deed for the property to appellees. At the time of this conversation, appellees told appellants that the Building and Loan Association was going to charge $45 a month as payment to be made on the new mortgage loan. Appellants agreed to pay this sum each month to appellees. Subsequently, appellees were granted a new mortgage loan on the property by the Building and Loan Association, which was sufficient to pay off and discharge the balance due on the old mortgage, together with interest, attorney fees, and other expenses connected with the foreclosure suit. The new mortgage loan was in the amount of $4,227. It turned out that the monthly payments which had to be made to the Building and Loan Association, including taxes, interest and insurance, totaled $49.50. Appellees wrote a letter to appellants about this and requested that appellants pay them that sum instead of the $45. This was acknowledged, and appellants began making monthly payments in that amount to appellees.

There was testimony that at the April 5th meeting appellees had told appellants that they would have the opportunity of buying back the house, but nothing definite was done about it until the end of the year, when a written proposition to buy it back was submitted to appellants by appellees. This was rejected. On January 8, 1958, appellees sent a written notice, directed to appellants, wherein possession of the property was demanded within thirty days after receipt thereof, together with all rents due and owing. Appellants refused to move from the premises, and thereafter, on March 27, 1958, appellees filed suit for possession.

Appellants argue that the decision of the court is not sustained by sufficient evidence and is contrary to law. They claim that appellees, in order to recover herein, must recover on the theory of their complaint, and they contend that there was absolutely no evidence of an oral lease or rental agreement between the parties. Thus, it is appellants' contention that the court committed error in awarding judgment to appellees. With this we cannot agree.

There was direct testimony by appellee, Ulysses Powell, that, after the quit-claim deed had been delivered, appellants stayed on the property and had possession thereof by virtue of an oral rental agreement. Appellant, Thomas R. Strasser, to the contrary, stated that at no time in his conversation with the Powells did he discuss renting the property from them. However, he did admit that during their conversation on April 5, 1957, an oral agreement was entered into. The record reveals the following statements made by Thomas R. Strasser upon interrogation:

"Q. Yes, are they" [appellees] "speaking in agreement?

"A. In agreement, yes. They said we would pay the rent — the payments of Forty-five Dollars and pay the taxes and pay the insurance, which was agreed upon by the four of us.

"Q. Was there any written agreement to that effect drawn up?

"A. No written agreement."

From this examination of the record, we cannot say there is absolutely no evidence to support the court's conclusion. Furthermore, it is a familiar rule that this court will not weigh conflicting evidence. The weight of the evidence and the credibility of the witnesses are for the trial court to determine. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* ch. 56, §2786, p. 366, and authorities cited. The record reveals some competent evidence to uphold the court's decision. Therefore, it will not be disturbed on appeal on the basis of insufficient evidence. *Pence v. Myers* (1913), 180 Ind. 282, 101 N. E. 716.

Likewise, the decision is not contrary to law. It is only where the evidence is without conflict and leads to one reasonable conclusion, and the trial court has reached a contrary conclusion, that the decision will be disturbed as contrary to law. *Rowe v. Johnson* (1945), 223 Ind. 289, 60 N. E. 2d 529. As we have previously seen, the evidence here is not without conflict.

Appellants further argue that the amount of recovery is excessive. In an action for ejectment, the law is that the measure of plaintiff's damages is the value of the use and occupancy of the real estate. *Gilbert v. Lusk* (1952), 123 Ind. App. 167, 188, 106 N. E. 2d 404. In proving such, evidence

of rents and profits is admissible. *Vandalia R. Co.* v. *Topping* (1920), 72 Ind. App. 694, 698, 126 N. E. 485.

There was evidence that appellants remained on the premises from December, 1957, until the date of trial, being November 25, 1958, which is a period of approximately eleven months. The only evidence of the value of the use and occupancy of the premises was submitted by appellee, Ulysses Powell, who testified that the reasonable rental value per month was $49.50. Appellants had been paying this sum per month to appellees. If they had continued to pay the same sum during that period of eleven months, they would have paid $544.50. The judgment of the court was in that exact amount, together with interest at the rate of six per cent. per annum. In view of this, we cannot say the damages were unreasonable or excessive. There is no substantial error presented in the amount of recovery which would justify a reversal.

Judgment affirmed.

Ax, C. J., and Cooper and Ryan, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 439.