## STEVENS v. PINEGAR.

[No. 19,962. Filed March 22, 1965.]

*Samuel E. Beecher, Jr.,* of Terre Haute, for appellant.

*Gambill, Cox, Zwerner, Gambill & Sullivan,* of Terre Haute, for appellee.

FAULCONER, C. J.—This is an appeal from a verdict and judgment adverse to appellant in his suit against appellee for malicious prosecution. The sole assignment of error is the overruling of appellant's motion for new trial which specified that the verdict of the jury is contrary to law; error in the giving of certain

instructions, and the refusal to give certain other instructions. Appellant's argument in his brief is confined to Specification No. 1 of his motion for new trial, that the verdict of the jury is contrary to law, and specification No. 2(a) thereof pertaining to the giving of the court's Instruction No. 4. All other specifications not argued in appellant's brief are waived. Rule 2-17(e), (f), Rules of the Supreme Court, 1964 Edition; *Gernhart* v. *State* (1954), 233 Ind. 470, 472, 120 N. E. 2d 265; *McCracken* v. *Hunter, et al.* (1962), 134 Ind. App. 157, 161, 186 N. E. 2d 884; *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 401, 182 N. E. 2d 434; *Thanos* v. *Fox* (1958), 128 Ind. App. 416, 423, 149 N. E. 2d 315.

A verdict or decision cannot be disturbed as contrary to law unless the evidence is without conflict and leads to but one reasonable conclusion and the jury or trial court has reached a contrary conclusion. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669; *Rowe* v. *Johnson* (1945), 223 Ind. 289, 291, 60 N. E. 2d 529; *Strasser et al.* v. *Powell et al.* (1961), 131 Ind. App. 508, 513, 172 N. E. 2d 439.

The evidence in this case was not without conflict. However, there was ample evidence to support the verdict of the jury and we cannot say that reasonable minds would have only reached a contrary result. Therefore, the verdict is not contrary to law.

Appellant's written objection to the Court's Instruction No. 4 was: "Plaintiff now objects to Court's Instructions numbered two and four."

Rule 1-7, Rules of the Supreme Court, 1964 Edition, provides, in pertinent part, as follows:

"After the court has indicated the instructions to be given, each party shall have a reasonable

96

opportunity to examine such instructions and to · state his. *specific* objections to each, . . . before argument, or *specific* written objections ·to each instruction may be submitted to the court before argument. No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the *specific* objections made as above required." (Emphasis supplied.)

Appellant having given no specific objection pointing out asserted defects in the Court's Instruction No. 4, as required by Rule 1-7, *supra,* error, if any, is not available. *Allman* v. *Malsbury* (1946); 224 Ind. 177, 186, 65 N. E. 2d 106; *Keeshin Motor Express Co.* v. *Sowers* (1943), 221 Ind. 440, 446, 48 N. E. 2d 459; *Cauldwell, Inc., et al.·* v. *Patterson* (1961), 133 Ind. App. 138, 158, 177 N. E. 2d 490; *Elgin, etc. R. Co.* v. *Scherer* (1951), 121 Ind. App. 477, 483, 98 N. E. 2d 369 (Transfer denied); *Mackey* v. *Niemeyer* (1942), 113 Ind. App. 10, 12, 44 N. E. 2d 520 (Transfer denied).

Judgment affirmed.

Carson, Martin and· Prime, JJ., concur.

NOTE.—Reported in 205 N. E. 2d 320.